Wheeler, 0. J.
—Hothing can be more clearly settled, than that a court of equity will not decree the specific performance of a contract in favor of a party who refuses performance in the whole or in part. The plaintiff had refused to pay a portion of the purchase-money. It makes no difference that his refusal was sanctioned by the judgment of the justice; it was none the less a disaffirmance of the contract on his part, and released the other party from his obligation to perform. A party who seeks the specific performance of a contract must have performed, or must show a readiness to perform, the very contract in terms of which he seeks performance. He cannot disaffirm it in part, and at the same time hold the other party to the whole of his undertaking. The court will not aid him to *441 have performance of the contract when he.rejects any part of it. That would be to make for the parties a new contract, to which they had not given their assent. Courts of equity do not modify or change the contracts of parties to suit their own sense of what would be equitable and just in the premises, but leave them to make their own contracts. It may be that the defendant would never have entered into the contract which the plaintiff now seeks to enforce against him; that is, a contract to convey his right to the land in question for a sum considerably less than that for which he stipulated as the consideration for the transfer. Whether he would or not the court cannot know, and cannot undertake to make for him a contract, which he has not made, without his consent. Courts never make contracts for parties; they will only compel performance of the contract which the parties have actually made, and only in favor of the party who has performed, or is ready and willing to perform, his undertaking, according to its terms, and who is without fault.
To entitle the plaintiff to maintain his action, he must show himself entitled to a specific performance as against his immediate vendor. This he has failed to do; and the judgment therefore cannot be maintained.
As the plaintiff has failed to make out his case upon the merits, it is unnecessary to revise the rulings of the court upon incidental questions.
The judgment is reversed, and the cause
Eemanded.